# United States District Court
## MIDDLE DISTRICT OF PENNSYLVANIA

```
-------------------)
Antonio Garcia     )    1: CV 00-0803
                   )
        Plaintiff  )
                   )
v.                 )    Case #
                   )
Bureau of Prisons  )
                   )
        Defendant  )
                   )
-------------------)
```

**MOTION FOR JUDICIAL JURISDICTION
PURSUANT TO TITLE 28 SECTION 2241
FOR WRIT OF HABEAS CORPUS RELIEF**

FILED
SCRANTON

MAY 0 3 2000

PER _____ DEPUTY CLERK

Respectfully yours

*Antonio Garcia*

Antonio Garcia, Pro-Se Litigant

Antonio Garcia
42994-054 unit 3(..)
FCI Allenwood
P.O.Box 2000
White Deer PA.
17887-2000

March 1, 2000

United States District Court
Middle District of Pennsylvania
240 West Third Street
P.O.Box 608 Williams Port PA.
17701

## SUPPORTING MEMORANDUM

NOW COMES, Antonio Garcia Pro-Se, ( Mr. Garcia) submitts the foremention motion for judicial jurisdiction pursuant to Title 28 §2241 for relief from denial of administrative remedy appeals.

## BACK GROUND

On March 2, 1999, Mr.Garcia received an incident report code 113 "possession of any narcotic, marijuana, drugs or related paraphenalia not prescribed for the individual by medical staff. See exhibit(A). The Unit Disciplinary Committee (UDC) referred the matter to the Disciplinary Hearing Officer (DHO) for further hearing .

On March 25,1999, the DHO Mr. Zimmer found Mr. Garcia guilty of the charges, and sanction Mr. Garcia to 41 days loss of good time credit, 60 days disciplinary segregation, and loss of visitation privileges for 365 days. See exhibit (B).

1

On April 8, 1999, Mr. Garcia file an appeal to the Northeast Regional Office, ( see exhibit (C)) on grounds, that the UDC and DHO was improper, and violated policy and procedural due process (1) inasmuch that the UDC and DHO failed to read "statement memorandum" to the accuse of evidence used against him pursuant to policy (2) No official laboratory test was produce that the inmate allegely possessed norcotics or the alleged pill was codeine base (3) No document were afforded to the inmate representative exculpatory[1] or other wise.

On May 12, 1999 the Northeast Regional Office denied Mr. Garcia's appeal. See exhibit (D).

On May 23, 1999, Mr. Garcia Appealed the decision of the Northeast Regional office to the General Counsel Central Office Bureau of Prison. See Exhibit (E).

On July 6, 1999, a notice of extention of time was requested by the Administrative Coordinator of the BOP Central Office. See Exhibit (F). On July 27, 1999, Mr. Garcia administrative remedy was denied by the POB Central Office. See Exhibit (G).

In October, 1999 Mr. Garcia requested all documents pertaining to the incident report. See Exhibit (H). On December 3, 1999, 23 pages were release to Mr. Garcia, which are incorporated as exhibit which

---

[1] Letter from the former Captain (Mr. Maiorana) of this Institution personally vouching for the inmate's good conduct, participation in institutional programs and assertive to the inmate's allegation that the alleged pill could have been in Mr. Garcia's locker for year(s), further recommenting for lesser charges. Which the inmate tried to acquire to noavail. See attachment (I-I1).

2

were not afforded to the inmates representative. See attach memorandums 1-3

**ARGUMENT**

Mr. Garcia argues that the DHO failed to provide evidence indicating his innocence (ie, letter from former Captain Mr. Maiorana) which was requested by the inmate, see exhibit (I), See <u>Chvis V. Rowe</u> 643 F.2d. 1287(7th Cir. 1981); the DHO must give the inmate copies of any exculpatory evidence for use at the hearing. The DHO fail to provide unconfidential memorandums accompanying incident report to the inmate's staff representative pursuant to <u>Policy Statement 5207.07 Chapter 5 page 3 paragraph (1)</u>, which states; "the DHO shall give a copy of investigation and other relevant material to the inmate's staff representative for use in presentation on inmate's behalf". See <u>Scarpa V. Ponte</u>, 638 F.Supp. 1019(D. Mass. 1986), Copies of all documents are required to be provided to the inmate. See also <u>Yune V. Kann</u>, 926 F.2d.1396 (3rd. Cir. 1991). Which denied Mr. Garcia a meaningful defense against the allege charges.

That the DHO finding of guilt was arbitrarily determine, which violated the inmate's protection under <u>Woff V. McDonnell</u>, 418 U.S.539 and the plaintiff Fifth Amendment Right to due process. Inasmuch that no official lab report was ever conducted for the true identity or/and the content of the allege pill. According to the report a correctional officer fild tested the substance with a Generic Test Kit and the substance tested positive for herion. In a memorandum by the Medical Department which indicated that Federal Correctional Institution (FCI) Allenwood carries two types of medication that would test positive for herion using the Generic Test Kit, one of these medication being a

3

codeine base table, the DHO arbitrarily determine, since FCI Allenwood carries two types of medication which would test positive for herion, the allege pill must be a codeine base tablet. Base on this information arbitrarily determine, that Mr. Garcia possessed an unprescribed codeine base medication.

Mr. Garcia argues that the DHO fail to conduct a fair and impartial hearing, that the DHO errored in his arbitrary determination, Because; (1) No evidence was ever presented that the alleged pill was issue from FCI Allenwood Medical Department (2) No official or/and professional lab test was conducted to the true identity and contents of the allege pill (3) Denial of inmate's reguest for official lab results, (4) That the correctional officer conducting the Generic Test Kit is unqualified to make any positive determination on the validity of the substance or/ and contents of the alleged pill, (5) That the Generic fild test kit in this case is inadequate, inshowing of memorandum by the Medical Department that other medication would show positive for herion, Staff was obligated to send the alleged pill for official lab result before a finding of guilt.

Mr. Garcia further argues that the DHO failed to prove inmate's intention to "break rules" or any evidence of intention to break rules in light of the inmat's clear conduct in Federal custody and in State custody, Witters V. United States, 70 U.S. App. DC.316, 106 F.2d.837-840. That the DHO failed the standard of proof requirement for finding of guilt, Dyson V. Kocik, 689 F.2d.466 (3rd. cir. 1982); DHO must make findings of facts with regards to specific act of misconduct.

The BOP requires a finding to be based on the "greater weight" of the evidence and which is supported by "substantial evidence" in view of contradicting evidence, Title 28 CFR §541.15(f). Contrary

to the case at bar, the DHO relied on No evidence of the inmate's intent to violate Prison rules, No standard of proof that the inmates actually possessed the alleged pill, No official lab report of the true identity of the allege pill or the true content of the alleged pill, Just on the arbitrary assumption that the alleged pill had to be a codeine base tablet, and just on the finding "it was in your locker, so it could have been your" theory, violated Mr.Garcia's due process right under Woff, contrary to the evidence before the DHO, that the tablet was secreted over the a lip of the locker not normally search by an inmate, the decaded state of decomposure of the alleged pill, the discoloration (brown),and the rust components acquired by the alleged pill from the locker, consistent with the allegation of Mr. Garcia, that the alleged pill could have been secreted in the locker for years, when the codeine base medication dispensed by the Medical Department at FCI Allenwood, is asolid round white tablet.

5

**CONCLUSION**

For the reason set forth herein the petitioner, Mr Garcia sought relief before this Honorable Court for the expungement of the incident report, the return of Mr. Garcia's good time credit time disallowed, Mr. Garcia's inmates status returned, and the return of all loss privileges.

I thank this Honorable Court for its time and patient in this matter.

                                                          Respectfully yours,

                                                          *Antonio Garcia*

                                                          Antonio Garcia, Pro-Se Litigant

cc. Enclose AUSA.